**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**UNITED STATES OF AMERICA**

**VS.**               **CASE NO. 4:03CR00142 JMM**
                          **4:07CV00434 JMM**

**RASHAD LANDERS**


**ORDER**

Pending before the Court is petitioner's 28 U.S.C. § 2255 petition to which the

government has replied.  For the reasons stated below, the motion is denied (#157).

I. *Procedural History*

On June 4, 2003, petitioner was indicted along with two others for (1) conspiracy to

distribute and possess with intent to distribute more than fifty grams of crack cocaine;

(2) aiding and abetting the distribution and possession with intent to distribute more than fifty

grams of crack cocaine; (3) knowingly and intentionally distributing and possessing with intent

to distribute more than fifty grams of crack cocaine within 1,000 feet of a public elementary

school playground; and (4) using a communication facility in committing the drug offenses.

After indictment and prior to trial, the government gave petitioner notice under 21 U.S.C.

§ 851(a)(1) of its intent to rely on two prior convictions to enhance petitioner's sentence to life in

prison based upon a 1998 conviction in the First Division Circuit Court of Pulaski County,

Arkansas, for felony possession of a controlled substance, docket number 1998 2104 and a 1998

conviction in the same court for felony possession of a controlled substance, docket number 1994

1

3281.

At the close of the government's case at trial, the Court dismissed count one, the conspiracy count, over the objection of the government.  Petitioner was found guilty by the jury on the remaining counts.

On August 20, 2004, petitioner was sentenced to a mandatory life imprisonment pursuant to 21 U.S.C. § 841 which mandates life imprisonment upon conviction of possession with intent to distribute more than 50 grams of crack after at least two final prior convictions for a felony drug offense.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).  Petitioner was sentenced to 360 months on count three and forty-eight months on count four with all sentences to run concurrently.

Petitioner, with counsel, filed a direct appeal and the United States Court of Appeals for the Eighth Circuit affirmed both the conviction and sentence.  *See United States v. Landers*, 417 F.3d 958 (8th Cir. 2005).  The Court denied petitioner's request for rehearing *en banc* on October 26, 2005 and the United States Supreme Court denied *certiorari* on April 24, 2006.  *See Landers v. United States*, 547 U.S. 1099, 126 S.Ct. 1881 (2006).

II. *Analysis*

Petitioner contends in his § 2255 petition that (1) his counsel was ineffective during the sentencing phase of his case violating the Sixth Amendment; (2) he was denied due process in violation of the Fifth Amendment; (3) his life sentence was imposed as punishment for exercising his right to trial in violation of the Fifth and Eighth Amendment; (4) his 1998 state conviction in Pulaski County in Case No. CR-98-2104 for possession of crack cocaine does not qualify as a felony for purposes of sentence enhancement, (5) his life sentence violates the Fifth

2

and Eighth Amendments to the United States Constitution; and (6) the failure of his indictment

to allege prior convictions which were used to enhance his sentence violates the Fifth and Sixth

Amendments.

Petitioner's claim based upon his contention that failure to charge his prior convictions as

elements of the indictment resulted in an improper and unconstitutional sentence enhancement is

dismissed as this same claim was rejected by the Court of Appeals for the Eighth Circuit in

petitioner's direct appeal.   *See United States v. Landers*, 417 F.3d 958, 964 (8th Cir. 2005); *Dall*

*v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) (*per curiam*) ("Claims which were raised and

decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. §

2255 .").

With the exception of his claim based upon ineffective assistance of counsel, petitioner's

remaining claims were not raised on direct appeal and are, thus, procedurally defaulted unless

petitioner can demonstrate either "cause" and actual "prejudice, or that he is actually innocent.

*See Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)

("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an

appeal'"); *Johnson v. United States*, 278 F.3d 839, 843 (8th Cir. 2002) ("In order to obtain

collateral review of a procedurally defaulted issue, [petitioner] must show either cause and actual

prejudice, or that he is actually innocent"); *United States v. Ramirez-Hernandez*, 449 F.3d 824,

826-27 (8th Cir. 2006) (declining to review ineffective assistance of counsel claim on direct

appeal; claim is more properly raised in separate motion under 28 U.S.C. § 2255).

Petitioner contends that there is cause excusing his procedural default and actual

prejudice which defeats the procedural bar on his claim that his 1998 state conviction for cocaine

possession (Case No. CR-98-2104) does not qualify as a felony for purposes of sentence enhancement under § 841 based upon the recent Supreme Court case of *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 166 L.E.2d 462 (2006) which was decided after his direct appeal became final.

The Supreme Court, in *Lopez* declared that a state drug offense would be considered a felony punishable under the Controlled Substances Act, 21 U.S.C. § 841, "only if it proscribes conduct punishable as a felony under that federal law." *Id.*

A drug offense is a felony under the Controlled Substances Act if it "is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44); *see United States v. Johnson*, ___ F.3d ___, 2008 WL 4191278 (8th Cir. Sept. 15, 2008) (holding that § 802(44) provides the definition of "felony" for application of mandatory life sentence under section 841(b)(1)(A)) (citing *United States v. Roundtree*, 534 F.3d 876, 882 (8th Cir. 2008)).   Petitioner's 1998 conviction for possession of cocaine in docket number CR-98-2104 was punishable by imprisonment of more than one year.  *See United States v. Robertson*, 537 F.3d 859, 861 (8th Cir. 2008) ("Under Arkansas law, possession of cocaine, a Schedule II controlled substance, is a Class C felony punishable by more than one year in prison.") (citing Ark.Code Ann. §§ 5-4-401(a)(4), 5-64-401(c)(2)).

Petitioner's has failed to overcome the procedural bar on this claim and the remaining claims because he has failed to make a showing of cause, actual prejudice, or innocence.[1] Moreover, even if not barred, the claims are without merit.  *See United States v. Williams*, 534 F.3d 980, 986 (8th Cir. 2008) (life sentences imposed under § 841(b)(1)(A) are constitutional and not disproportionate to crime); *United States v. Johnson*, 495 F.3d 951, 961 (8th Cir. 2007) (Eighth Amendment did not require co-defendants' sentences to be proportionate to one another). Petitioner has presented no evidence that either the prosecutor's action of  filing the § 851 notice or the Court's sentence pursuant to § 841 were vindictive in nature.  *See United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982) (presumption of prosecutorial vindictiveness cannot be based upon the exercise of discretionary action).

Petitioner's claim of ineffective assistance of counsel is based upon his contention that his counsel failed to object to (1) an incorrect date contained in the information filed pursuant to 21 U.S.C. § 851; (2) the Court using a drug felony conviction for purposes of § 841 that occurred when petitioner was a juvenile; and (3) the use of an unknown conviction.  All of these claims are based upon his conviction for possession of cocaine with intent to deliver in Pulaski County Circuit Court in Little Rock, Arkansas in Case No. CR-94-3281.

An ineffective assistance of counsel claim is governed by the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the

---

[1]Petitioner contends that he is innocent of being eligible for a life sentence.  For the reasons stated in this Order, the Court also finds this argument to be without merit.

deficient performance prejudiced the defense. *Id.*, 466 U.S. 667, 104 S.Ct. at 2064.  Failure to establish either prong of the *Strickland* standard will result in a denial of petitioner's Sixth Amendment claims.  *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070.

Petitioner's pre-sentence report reflects that (1) he was arrested in 1994 on case number CR-94-3281 in Pulaski County for possession of cocaine with intent to deliver; (2) he pled guilty and was sentenced to probation on April 12, 1996; (3) his probation was revoked twice in 1998; and (4) he was ultimately sentenced to fifty-four months of detention.   The pre-sentence report also states that the petitioner "was initially charged as an adult with possession of cocaine as well as the count of conviction [possession with intent to deliver], but the disposition of the lessor offense [possession] is unknown." (brackets added).

Petitioner contends that the "count of conviction" was the possession charge and the disposition of the possession with intent to deliver was unknown.  A review of the pre-sentence report, however, does not support petitioner's argument.   The "count of conviction" is listed as possession of cocaine with intent to deliver.  The report then states that the disposition of the lesser offense, the possession of cocaine charge, was unknown.  Because the count of conviction was the possession with intent to deliver, the government did not rely upon an unknown conviction.

The § 851 notice states that the government would rely upon petitioner's 1998 conviction in First Division Circuit Court of Pulaski County, Arkansas for felony possession of a controlled substance, docket number 1994 3281.  Petitioner contends that the use of the 1998 date is incorrect because he was convicted in 1994 resulting in the government's notice being invalid and that his counsel was ineffective for failing to object to this incorrect notice.

6

"Section 851 was enacted to ensure that defendants received notice before the statutory minimum sentence they could receive was enhanced based upon their prior convictions." *United States v. Shepard*, 462 F.3d 847 (8th Cir. 2006).

> [T]he purpose of notice under § 851 is to comply with the constitutional requirements of due process. *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir.2004). "In applying the statute's requirements, courts are careful not to elevate form over substance." *Id*. at 1077. In applying this principle, we have placed the greatest weight on whether the defendant enjoyed "full knowledge of the consequences" of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial. *See id.*; *United States v. Timley*, 443 F.3d 615, 625-27 (8th Cir.2006).

*United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006).

The notice provided by the government used the 1998 parole revocation and sentence dates which are directly related to petitioner's 1994 charge and 1996 conviction for possession of cocaine with intent to deliver.  Moreover, even though the § 851 notice referred to the conviction in docket number 94-3281 as being  "felony possession of a controlled substance" instead of "possession of cocaine with intent to deliver," the Court finds that the notice gave petitioner full knowledge that the government intended to rely on his conviction in docket number "1994 003281" for "possession of cocaine with intent to deliver" to enhance his sentence to a mandatory life sentence.

Petitioner correctly states that he was only 17 years of age when he was arrested  in 1994 for the drug charge which formed the bases for docket number CR-94-3281.  However, the pre-sentence report reflects that he was charged and convicted as an adult.  He plead guilty and was sentenced in 1996, and his probation was revoked, twice, in 1998.  His guilty plea resulting in conviction and the revocations all occurred when petitioner was no longer a juvenile.

7

Based upon the above, counsel's failure to object to the § 851 notice did not fall below an objective standard of reasonableness under prevailing professional norms, nor did it prejudice petitioner's case.

Petitioner makes additional arguments regarding the use of his 1994 and 1998 convictions for sentence enhancement as they relate to the Sentencing Guidelines and his counsel's ineffective assistance.  However, petitioner was not sentenced to a life sentence based upon the Sentencing Guidelines.  His sentence was based upon the statute.  *See* 21 U.S.C. § 841.

Petitioner also claims that his pre-sentence report contained incorrect information.  For the reasons stated in this Order, his claims are without merit.

Petitioner's request for a  hearing on his § 2255 petition is denied.  "A petitioner is entitled to an evidentiary hearing on his § 2255 claim unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (*citing* 28 U.S.C. § 2255).   In the instant case, the motion, files, and record establish that the petitioner is not entitled to relief.

III.  *Conclusion*

IT IS THEREFORE ORDERED THAT the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255  is denied, and this habeas action is dismissed.   Judgment will be entered accordingly.

IT IS SO ORDERED THIS   3   day of   October , 2008.

James M. Moody
United States District Judge

8