**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**

**VS.**                        **CASE NO. 4:03CR00142 JMM**

**RASHAD LANDERS**

**ORDER**

Pending before the Court is petitioner's Writ of Audita (#185). For the reasons stated below, the writ is denied.

On April 27, 2004, a jury convicted petitioner of one count of aiding and abetting the distribution and possession with intent to distribute cocaine base, one count of distributing and possessing with intent to distribute cocaine base within 1,000 feet of a public elementary school playground, and one count of use of a telephone to commit a controlled substance offense. The defendant was sentenced to concurrent sentences of life in the Bureau of Prisons on the aiding and abetting conviction, 360 months on the distribution within 1000 feet of a school playground conviction, and 48 months on the use of telephone to commit a drug offense conviction. The Court of Appeals for the Eighth Circuit subsequently affirmed defendant's conviction and sentence.

On October 3, 2008, this Court denied petitioner's 28 U.S.C. § 2255 petition. This denial was affirmed by the Court of Appeals on April 21, 2009. On August 25, 2010, the Court of Appeals construed petitioner's writ of mandamus as an application to file a successive § 2255 petition which it denied.

Defendant has now filed a "Petition for Writ of Audita Under the All Writs Act Pursuant to 28 U.S.C. § 1651" contending that his conviction for distribution within 1000 feet of a school playground was in error because (1) the government did not prove the statutory definition of a playground; (2) the district court did not give jury instructions regarding the playground; and (3) his conviction for aiding and abetting the distribution and possession with intent to distribute cocaine base and his conviction for distributing and possessing with intent to distribute cocaine base within 1,000 feet of public elementary school playground constitutes double jeopardy.

"A writ of *audita querela* is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'" *United States v. Boal*, 534 F.3d 965, 967 n. 2 (8th Cir. 2008) (quoting Black's Law Dictionary 141 (8th ed.2004)). "Although the writ of audita querela has been superceded by the Federal Rules of Civil Procedure, it has been recognized in some jurisdictions as a vehicle to challenge criminal convictions." *See United States v. Mathison*, 2010 WL 2932957 (D.S.D. 2010) (citing *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) and *United States v. Ayala*, 894 F.2d 425, 428 (D.C. Cir.1990)).

"A writ of audita querela is not available where other cognizable remedies exist." *United States v. Feist*, 346 Fed. Appx. 127, (8th Cir. 2009) (citing *United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007) (*per curiam*)). In this case, the petitioner has another cognizable remedy in 28 U.S.C. § 2255.

> A " § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because [a prisoner] has been denied permission to file a second or successive § 2255 motion." *Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir.2002)(denying "safety valve" relief); *see also, United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir.2002) (*per curiam*) (inmates

> may not bypass authorization requirement in 28 U.S.C. § 2244 for successive § 2255 motions by purporting to invoke some other procedure). The writ of *audita querela* cannot be invoked simply to enable a defendant to file what is in effect a § 2255 motion without complying with the rules governing such motions, or to file a second § 2255 without the requisite permission of the Court of Appeals.

*United States v. Mathison*, 2010 WL 2932957 (D.S.D., July 23, 2010) (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)).

The Court declines to construe this petition as one filed pursuant to § 2255 as petitioner clearly states that he bringing the case under the All Writs Act.  Because the All Writs Act is unavailable, defendant's writ is denied and the case is dismissed (#185).

IT IS SO ORDERED this  20th  day of October, 2010.

*James M. Moody*
James M. Moody
United States District Judge