IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                          Case No. 4:03-cr-00142 KGB

RASHAD LANDERS                                              DEFENDANT

## ORDER

Before the Court is defendant Rashad Landers's motion for compassionate release and a motion to take judicial notice (Dkt. Nos. 205, 208).  The government responded in opposition to the motion for compassionate release (Dkt. No. 209).  Mr. Landers has replied to the response (Dkt. No.  210).  The government provided Mr. Landers's medical records under seal (Dkt. No. 213).  For the following reasons, the Court denies Mr. Landers's motion for compassionate release and motion to take judicial notice (Dkt. Nos. 205, 208).

### I.      Background

On April 26, 2004, a jury found Mr. Landers guilty of aiding and abetting the distribution of more than 50 grams of cocaine base (Count 2), distribution and possession with intent to distribute more than 50 grams of cocaine base within 1,000 feet of a school (Count 3), and using a telephone to facilitate the commission of a drug offense (Count 4) (Dkt. No. 116).  The Court sentenced Mr. Landers to the life in the Federal Bureau of Prisons ("BOP") prison on Count 2, 360 months on Count 3, and 48 months on Count 4, all to run concurrently (Dkt. Nos. 129, 130).  The Court later granted Mr. Landers's motion for re-sentencing under section 404 of the First Step Act of 2018 and reduced Mr. Landers's sentence to 360 months of imprisonment on Count 2, to run concurrently with the previously imposed sentences on Counts 3 and 4 (Dkt. No. 204).

In support of his motion, Mr. Landers maintains that he requested relief from the warden of the BOP facility where he is housed but that, to date, his request has not been granted by the warden (Dkt. No. 205, at 5).  Mr. Landers also maintains that he suffers from high blood pressure, obesity, asthma and breathing disorder, and tumor on his spine (*Id*. at 3).  He also states that in 2019 deterioration of cellulite caused an infection for which he was hospitalized (*Id*.).  He asserts that he is at greater risk as a result of the conditions in which he is housed at the BOP (*Id.*, at 3-4).  In the documentation he provides, he explains his release plan, states he has gainful employment awaiting him, plans to support his children, and plans to care for his elderly father (*Id*. at 4-5).

In its response to Mr. Landers's motion, the government maintains that compassionate release is not warranted in Mr. Landers's case (Dkt. No. 209).

## II.     Discussion

### A.     Motion for Compassionate Release

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Landers seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Landers's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies Mr. Landers's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples.  The Court acknowledges that this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n.1.  The examples are:  (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."  *Id.*

Mr. Landers does not meet the minimum age requirement under the Guidelines, based on the Court's review of this record.  Mr. Landers does not argue that he meets the requirement. Instead, Mr. Landers cites his current health situation in support of his motion.  The government acknowledges that Mr. Landers, who is 43 years old, is obese and has been diagnosed with hypertension based on his medical records (Dkt. Nos. 209, at 4; 213, at 12, 23, 43).  It points out, however, that based on Mr. Landers's medical records his asthma and "breathing disorder" are in remission (Dkt. Nots. 209, at 4; 213 at 43).  The government does not address Mr. Landers's claim of a tumor on his spine, but the Court has reviewed the medical record provided by the government and does not see any references to Mr. Landers being currently diagnosed with a tumor on his spine (Dkt. No. 213).  Further, the government acknowledges that obesity is recognized by the

CDC as risk factor associated with COVID-19 and that hypertension has been recognized by the CDC as a condition that might be a potential risk factor for COVID-19 (Dkt. No. 209). The government does not dispute that Mr. Landers has obesity, nor does the government dispute that, if the Court determines that Mr. Landers has a medical condition that the CDC has identified as a risk factor for COVID-19 and from which he is not expected to recover, the Court could reasonably find the existence of an extraordinary and compelling reason for compassionate release if the other criteria also are met (*Id.*, at 4-5). Here, the government maintains that Mr. Landers poses a risk to the community if he were to be released (*Id.*, at 5).

Even if Mr. Landers could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered. Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Landers, and protecting the public from additional crimes by Mr. Landers. *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c). The Court has reviewed the Presentence Investigation Report that was available at the time of Mr. Landers's sentencing for this offense. Mr. Landers's criminal history weighs against granting his motion (Dkt. No. 132, at 6-11). Further, based on Mr. Landers's criminal history and the instant offense of conviction, when given the opportunity to do so in the past, Mr. Landers has failed to conform his conduct to what the law requires (*Id.*, at 11). Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time (Dkt. No. 205).

### B. Motion to take Judicial Notice

Also before the Court is Mr. Landers's motion to take judicial notice (Dkt. No. 208). Mr. Landers attaches grievance documents to his motion to take judicial notice which he claims prove

that the medical staff is "neglecting him the proper medical care treatment due to COVID-19 concerns." (*Id.* at 1-2).  Mr. Landers asserts that he "has been deprived of critical medical treatment due to the prison['s strict lockdown precautions." (Dkt. No. 208, at 2).  He also states that the grievance documents establish his "existing medical problems" and show the Court that he is not receiving proper medical treatment (Dkt. No. 208, at 2).  Mr. Landers's motion to take judicial notice is denied (Dkt. No. 208).  In reviewing Mr. Landers's motion for compassionate release, the Court has considered Mr. Landers's medical records which provided the Court with information about Mr. Landers's current medical condition (Dkt. No. 213).  To the extent Mr. Landers is attempting to bring a deliberate indifference claim under 42 U.S.C. § 1983 related to his medical care, he must do so in a separate, civil lawsuit.

## III.   Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Landers's motion for compassionate release at this time and denies his motion to take judicial notice (Dkt. No. 205, 208).

It is so ordered this 18th day of November, 2020.

Kristine G. Baker
United States District Judge